**IN THE COURT OF APPEALS OF IOWA**

No. 23-1838
Filed January 24, 2024

**IN THE INTEREST OF J.R.,**
**Minor Child,**

**W.R., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Karen Kaufman-Salic,

District Associate Judge.


A father appeals the termination of his parental rights.  **AFFIRMED.**


Ann M. Troge, Charles City, for appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney

general, for appellee State.

Mark Milder, Denver, attorney and guardian ad litem for minor child.


Considered by Greer, P.J., and Ahlers and Buller, JJ.

**AHLERS, Judge.**

The father of a five-year-old child appeals the termination of his parental rights to that child. The issues leading to termination related to the father's mental health, substance abuse, health, poorly managed anger, lack of stable housing, inability to address the child's special needs, and lack of insight into his parenting deficiencies. In this appeal, the father challenges the statutory grounds for termination found by the juvenile court, contests the juvenile court's finding that termination is in the child's best interests, and alleges the Iowa Department of Health and Human Services did not make reasonable efforts toward reunification. He asks us to reverse the order terminating his rights.

We review orders terminating parental rights de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). We give weight to the juvenile court's findings of fact, especially regarding witness credibility, but we are not bound by them. *Id.* Our review follows a three-step process that involves determining whether a statutory ground for termination has been established, whether termination is in the child's best interests, and whether any permissive exceptions should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021). But if a parent does not challenge a step, we need not address the unchallenged step on appeal. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

As to the statutory grounds, the juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(f) and (g) (2023). The father argues the State failed to establish either ground for termination. However, he fails to make any substantive challenge to the ground for termination under paragraph (g). Instead, his argument centers exclusively on whether the child

could have been returned to his custody—an element of termination under paragraph (f) but not paragraph (g).[1] *Compare* Iowa Code § 232.116(1)(f), *with id.* § 232.116(1)(g). We find that, by failing to articulate any challenge to termination under section 232.116(1)(g), the father has waived his challenge to termination on that ground. *See In re W.J.*, No. 21-1991, 2022 WL 610559, at *1 n.4 (Iowa Ct. App. Mar. 2, 2022) (noting our unwillingness to advocate for a party and finding waiver of a challenge to a statutory ground when the challenge is unsupported by any substantive argument). And, since the juvenile court terminated on more than one ground, we affirm on the ground not sufficiently challenged—in this case section 232.116(1)(g). *See In re R.S.*, No. 22-0196, 2022 WL 4362192, at *1 (Iowa Ct. App. Sept. 21, 2022) (holding that when a parent's rights are terminated under multiple grounds and the parent fails to challenge one of the grounds, we affirm on that ground); *see also In re A.B.*, 815 N.W.2d 764, 774 (Iowa 20212) (holding we may affirm on any one of the grounds relied upon by the juvenile court when multiple grounds are found).[2]

Before leaving the topic of the statutory grounds, we note that the father contends the department did not make reasonable efforts toward reunification

---

[1] Termination under section 232.116(1)(g) requires clear and convincing proof that (1) the child has been adjudicated a child in need of assistance, (2) the parent's rights to another child who is a member of the same family have been terminated previously, (3) the parent continues to lack the ability or willingness to respond to services, and (4) an additional period of rehabilitation would not correct the situation.

[2] Although our decision to affirm termination under section 232.116(1)(g) negates any requirement that we address the father's challenge to termination under section 232.116(1)(f), we note that we have conducted a de novo review of the entire record. Following that review, we agree with the juvenile court that the child could not be returned to the father's custody safely, so termination is also authorized under section 232.116(1)(f).

because it did not offer him services to help him with his health issues and did not raise concerns about his health until a few months before the termination hearing. While not a strict substantive requirement for termination, "where the elements of termination require reasonable efforts by [the department], the scope of [the department]'s efforts after removal impacts the burden of proving those elements." *In re L.T.*, 924 N.W.2d 521, 527 (Iowa 2019). So the State must establish the department made reasonable efforts to provide the parent with reunification services as part of its ultimate proof of a statutory ground when that ground requires such efforts. *See id.* Essentially a parent's reasonable-efforts challenge functions as a challenge to a component of the statutory grounds.

However, a parent must alert the juvenile court of any perceived deficiency in services "at the removal, when the case permanency plan is entered, or at later review hearings." *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). When a parent fails to timely request additional or different services, the parent waives any reasonable-efforts challenge. *Id.* The father did not ask for services to address his health problems before the termination hearing.[3] While the father's poor health became a more significant issue as this case progressed, the department discussed the father's mobility issues far enough in advance of the hearing that the father could have raised a related reasonable-efforts challenge prior to termination if he viewed the lack of services provided as an impediment to

---

[3] The father's health issues include being overweight, which contributes to his inability to stand more than five minutes at a time and hampers his ability to properly supervise an active five-year-old child.

reunification. He did not do so. We find the father has waived his reasonable-efforts challenge and a statutory ground for termination ultimately satisfied.

We next turn to whether termination of the father's parental rights is in the child's best interests. When making a best-interests determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *P.L.*, 778 N.W.2d at 40 (quoting Iowa Code § 232.116(2)).

The father argues termination is not in the child's best interest because the child has a strong bond with him and would suffer serious emotional harm if the parent-child relationship were severed.[4] Our review of the record convinces us that the child has a bond with his father, the father loves the child, the child enjoys spending time with his father, and the child is upset when he leaves his father. Even so, the child needs permanency. The father has not shown that he can provide a safe and clean place for the child to live, properly supervise the child, or provide for the child's basic needs. Preservation of the father's parental rights would put the child at risk of harm. We are also concerned by the way this case progressed. The father was making strides and progressing toward reunification, but then he had a physical altercation with a roommate and had to quickly leave his apartment and could not have the child in his care. Since that time, the father

---

[4] We are aware that there is a permissive exception to termination when a parent establishes that termination would be detrimental to the child due to the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). However, the father does not cite this Iowa Code section and makes no argument that it applies, so we do not address it.

has not progressed past fully supervised visits. *See In re J.H.*, 952 N.W.2d 157, 170 (Iowa 2020) ("[T]here is a substantial difference between meeting a child's needs under the supervision and guidance of other people and being able to independently care for a child . . . ."). Even if the father could adequately care for the child now, history leaves us with little confidence that, if life presented another stumbling block, the father could continue to provide sufficient care.

We recognize that the father has made improvements and may one day reach a point where he could properly parent the child. But the child has been out of the father's custody for over a year, and the department has been involved for over two years. We will not make the child continue to wait for permanency. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) ("We do not 'gamble with the children's future' by asking them to continuously wait for a stable biological parent . . . ." (quoting *In re D.W.*, 385 N.W.2d 570, 578 (Iowa 1986))). It would not be in the child's best interests to delay permanency any longer. Termination of the father's parental rights is in the child's best interests.

We affirm the termination of the father's parental rights.

**AFFIRMED.**